UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARPENTERS' DISTRICT COUNCIL OF GREATER ST. LOUIS AND VICINITY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> VEHLEWALD CONSTRUCTION, CO., <br><br> Defendant. | ) ) ) ) ) ) ) ) No. 4:06-CV-1214 CAS ) ) ) ) ) |

## ORDER

This matter is before the Court on plaintiffs' motion to compel post-judgment discovery. Plaintiffs' motion is accompanied by an affidavit of counsel and an exhibit. For the following reasons, the Court will grant the motion.

**Background**.

Plaintiffs filed this action on August 15, 2006, to recover from defendant Vehlewald Construction Company ("Vehlewald") delinquent fringe benefit contributions, liquidated damages, and interest owed to the plaintiff benefits funds pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §1132(g)(2) ("ERISA") and the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA"). The Complaint asserted that defendant Vehlewald was bound by the provisions of a collective bargaining agreement to make monthly payments the plaintiff benefits funds in specified amounts and to submit monthly report forms.

Defendant was served with summons and complaint on October 10, 2006, but did not file an answer or other responsive pleading within the time allowed by the Federal Rules of Civil Procedure. On December 4, 2006, a Clerk's Entry of Default was issued pursuant to Rule 55(a), Fed. R. Civ. P.

On February 20, 2007, this Court granted plaintiffs' motion for an order to compel an accounting of defendant's payroll records for the period of May 1, 2004 to date. Although defendant was sent a copy of this Court's order requiring it to produce its records for audit, it refused to comply. Plaintiff then moved for default judgment. Due to defendant's failure to comply with the Court's February 20, 2007 order, the amounts owed by defendant were computed based on reports it submitted to the plaintiff funds without payment and also on employee paycheck stubs. By Order dated June 12, 2007, the Court entered default judgment in favor of plaintiffs and against defendant Vehlewald Construction Company in the total amount of Twenty Thousand Eight Hundred Seventy-Three dollars and Twenty-Three cents ($20,873.23).

**Motion to Compel**.

Plaintiffs' motion to compel and the affidavit of attorney Michael Evans assert that plaintiffs sent a notice of post-judgment deposition to Gary Vehlewald, an officer of defendant Vehlewald, by mail on December 26, 2007, pursuant to Federal Rulesof Civil Procedure 69. The notice required the attendance of Mr. Vehlewald at the office of plaintiffs' counsel on January 18, 2008, at 10:00 a.m., and the simultaneous production of certain documents relevant to plaintiffs' efforts to collect the judgment in this case. Mr. Vehlewald did not appear at the deposition or produce any documents, nor did any representative of the defendant contact plaintiffs' counsel with respect to the deposition notice.

Rule 69(a) of the Federal Rules of Civil Procedure provides that the "process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise." Rule 69(a), Fed. R. Civ. P. Rule 69 further provides that the procedure on execution, and in proceedings in aid of execution, "shall be in accordance with the practice and procedure of the state in which the district court is held . . . except that any statute of the United States governs to the extent that it is applicable." Id. Finally, Rule 69 provides that in aid of a judgment or execution, a judgment creditor "may obtain discovery from any person, including the judgment debtor, in the manner provided in [the Federal Rules of Civil Procedure] or in the manner provided by the practice of the state in which the district court is held." Id.

In the absence of a controlling federal statute, a district court "has the same authority to aid judgment creditors in supplementary proceedings as that which is provided to state courts under local law." H.H. Robertson Co. v. V.S. DiCarlo Gen. Contractors, Inc., 994 F.2d 476, 477 (8th Cir. 1993) (citation omitted).

Plaintiffs seek to take a post-judgment deposition in aid of execution of their judgment. This procedure is appropriate pursuant to Rules 69(a) and 30 of the Federal Rules of Civil Procedure. It appears to the Court from the affidavit of plaintiffs' counsel that Gary Vehlewald of defendant Vehlewald Construction Company was properly noticed for deposition but failed to appear. Plaintiff's motion to compel discovery should therefore be granted, and Gary Vehlewald of defendant Vehlewald Construction Company will be ordered to appear for deposition at the offices of plaintiffs' counsel, and to produce the requested documents at the same time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to compel discovery is **GRANTED**. [Doc. 17]

**IT IS FURTHER ORDERED** that Gary Vehlewald of defendant Vehlewald Construction Company shall appear for a post-judgment deposition and produce the records requested in the notice of deposition dated December 26, 2007, at the offices of plaintiffs' counsel on **Monday**, **March 10, 2008, at 10:00 a.m.**

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this order to defendant Vehlewald Construction Company, at 62 Barkley, St. Charles, Missouri 63301.

/s/ Charles A. Shaw
_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   25th   day of February, 2008.