# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CARPENTERS' DISTRICT COUNCIL OF GREATER ST. LOUIS AND VICINITY, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:06-CV-1214 CAS |
| VEHLEWALD CONSTRUCTION, CO., | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion for contempt against defendant Vehlewald Construction Company, through its officer, Gary Vehlewald. Plaintiffs' motion is accompanied by an affidavit of counsel and exhibits.

### *Background*

Plaintiffs filed this action on August 11, 2006, to recover from defendant Vehlewald Construction Company delinquent fringe benefit contributions, liquidated damages, and interest owed to the plaintiff benefits funds pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §1132(g)(2) ("ERISA") and the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA"). The complaint asserted that defendant Vehlewald Construction Company was bound by the provisions of a collective bargaining agreement to make monthly payments to the plaintiff benefits funds in specified amounts and to submit monthly report forms.

Defendant was served with summons and complaint on October 10, 2006, but did not file an answer or other responsive pleading within the time allowed by the Federal Rules of Civil Procedure.

On November 30, 2006, plaintiffs moved for the entry of default, and on December 4, 2006, a Clerk's Entry of Default was issued pursuant to Rule 55(a), Fed. R. Civ. P.

On February 20, 2007, this Court granted plaintiffs' motion for an order to compel an accounting of defendant's payroll records for the period of May 1, 2004 to the then present date. Although defendant was sent a copy of this Court's order requiring it to produce its records for audit, it refused to comply. Plaintiff moved for default judgment on April 16, 2007. Due to defendant's failure to comply with the Court's February 20, 2007 order, the amounts owed by defendant were computed based on reports it submitted to the plaintiff funds without payment and also on employee paycheck stubs. By Order dated June 12, 2007, the Court entered default judgment in favor of plaintiffs and against defendant Vehlewald Construction Company in the total amount of Twenty Thousand Eight Hundred Seventy-Three dollars and Twenty-Three cents ($20,873.23).

Subsequently, plaintiffs sent a notice of post-judgment deposition to Gary Vehlewald, an officer of Vehlewald Construction Company, by mail on December 26, 2007, pursuant to Federal Rules of Civil Procedure 69. The notice required the attendance of Mr. Vehlewald at the offices of plaintiffs' counsel on January 18, 2008, at 10:00 a.m., and the simultaneous production of certain documents relevant to plaintiffs' efforts to collect the judgment in this case. Mr. Vehlewald did not appear at the deposition or produce any documents, nor did any representative of the defendant contact plaintiffs' counsel with respect to the deposition notice.

On February 5, 2008, plaintiffs filed a motion to compel Gary Vehlewald to appear for a post-judgment deposition in aid of execution of their judgment. By order dated February 25, 2008, the Court granted plaintiffs' motion to compel and ordered that Gary Vehlewald of Vehlewald Construction Company to appear for deposition at the offices of plaintiffs' counsel on March 10,

2008, at 10:00 a.m., and to produce the requested documents at the same time. The affidavit of plaintiffs' counsel, Michael A. Evans, states that Gary Vehlewald of Vehlewald Construction Company failed to appear at the scheduled deposition.

A copy of defendant's 2008 Annual Registration Report filed with the Missouri Secretary of State shows that the president of defendant Vehlewald Construction Company is Gary Douglas Vehlewald, with the address of 62 Barkley, St. Charles, Missouri 63301.

*Discussion*

The United States Supreme Court has stated "it is firmly established that the power to punish for contempt is inherent in all courts." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (internal punctuation and citation omitted). "One of the overarching goals of a court's contempt power is to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject." Chicago Truck Drivers v. Brotherhood Labor Leasing, 207 F.3d 500, 504 (8th Cir. 2000) (citing United States v. United Mine Workers, 330 U.S. 258, 290 n.56 (1947)). Civil contempt sanctions may be employed to coerce compliance with a court order. Id. (citing United Mine Workers, 330 U.S. at 303-04). "Either incarceration or a fine may accomplish the purpose of coercion . . . ." Id.

Civil contempt proceedings may be employed in an ERISA case such as this to coerce the defendant into compliance with a court order or to compensate the complainant for losses sustained or both. Chicago Truck Drivers, 207 F.3d at 504-05. Either incarceration or a fine may accomplish the purpose of coercion; where compensation is intended, a fine is imposed payable to the complainant. Id.

3

The Court's contempt power also extends to non-parties who have notice of the Court's order and the responsibility to comply with it. Chicago Truck Drivers, id. at 507 (court's payment orders in ERISA case were binding upon the named corporate defendant's sole shareholder and corporate officer and agent, even though the order made no specific reference to him). See also Electrical Workers Pension Trust Fund v. Gary's Electric Serv. Co., 340 F.3d 373 (6th Cir. 2003) (owner of corporation, as an officer of the corporation responsible for its affairs, was subject to the court's contempt order just as the corporation itself was even though he was not a named defendant). Indeed, the Supreme Court of the United States, in a case where a corporate officer who failed to comply with a subpoena duces tecum was held in contempt of court, stated:

> A command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs. If they, apprised of the writ directed to the corporation, prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience, and may be punished for contempt.

Wilson v. United States, 221 U.S. 361, 376 (1911).

This Court has previously imposed compliance fines in similar ERISA delinquency collection cases and has ordered a defendant to reimburse the plaintiffs for attorney's fees incurred in attempting to compel compliance with a Court order. See, e.g., Greater St. Louis Construction Laborers Welfare Fund v. Akbar Electric Serv. Co., Inc., No. 4:96-CV-1582 CDP (E.D. Mo. Apr. 21, 1997) (ordering defendant to reimburse plaintiff for attorney's fees); Greater St. Louis Construction Laborers Welfare Fund, et al. v. Marvin Steele Enters., Inc., No. 4:96-CV-1073 ERW (E.D. Mo. Mar. 21, 1997) (ordering a compliance fine of $200 per day). In addition, incarceration has been used to compel compliance with Court orders in the context of ERISA delinquency actions. See, e.g.,

Marvin Steele Enters., id. (ordering that a bench warrant issue for the arrest of the individual defendants).

A party seeking civil contempt bears the burden of proving by clear and convincing evidence that the alleged contemnors violated a court order. Chicago Truck Drivers, 207 F.3d at 504-05. Here, it is undisputed that Gary Vehlewald of Vehlewald Construction Company did not appear for deposition and produce records as ordered. It is also undisputed that Mr. Vehlewald is defendant's president. At this point, the burden shifts to defendant and Mr. Vehlewald to show an inability to comply with the Court's order. Id. A mere assertion of "present inability" is insufficient to avoid a civil contempt finding. Rather, alleged contemnors defending on the ground of inability to comply must establish that (1) they were unable to comply, explaining why "categorically and in detail;" (2) their inability to comply was not "self-induced;" and (3) they made "in good faith all reasonable efforts to comply." Id. at 506.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Vehlewald Construction Company and its president, Gary Vehlewald, are ordered to show cause why they should not be held in contempt of court for failure to appear for deposition on March 10, 2008, and to produce records as ordered by the Court on February 25, 2008.

**IT IS FURTHER ORDERED** that a hearing is set for **Tuesday, June 17, 2008, at <u>11:00 a.m.</u>** in Courtroom No. 12-N of the Thomas F. Eagleton United States Courthouse, at which defendant Vehlewald Construction Company and its president, Gary Vehlewald, may show cause why civil contempt sanctions should not be imposed against them for failure to comply with the Court's Order of February 25, 2008. Because incarceration is a possible civil contempt sanction, Mr.

5

Vehlewald has the right to representation by counsel. Failure to appear for the hearing as ordered may subject Mr. Vehlewald to arrest by the United States Marshal's Service.

**IT IS FURTHER ORDERED** that the United States Marshal's Service is directed to serve a copy of this Memorandum and Order on defendant Vehlewald Construction Company, and its president, Gary Vehlewald, at 62 Barkley, St. Charles, Missouri 63301.

                                                                                                                                                 **CHARLES A. SHAW**
                                                    **UNITED STATES DISTRICT JUDGE**

Dated this   14th   day of May, 2008.